UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA AND PECOS DIVISIONS

| | | |
|---|---|---|
| **ALEX BURTON, individually and on behalf of all others similarly situated** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 7:17-cv-00204-DC |
| **AGILITY ENERGY, INC.** | § § | Collective Action |
| Defendant. | § § | Class Action (Fed. R. Civ. P. 23) |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

### I. SUMMARY

Alex Burton ("Burton"), on behalf of himself, the Putative Class Members, and Agility Energy, Inc. ("Agility") (collectively the "Parties") have reached a Settlement Agreement with respect to this Fair Labor Standards Act ("FLSA") case. The Settlement Agreement represents the culmination of over a year of investigation, litigation, and negotiation. If approved, it will provide meaningful relief to Burton and Putative Class Members ("Plaintiffs").

This Settlement Agreement is the compromise of disputed claims and does not constitute an admission by Agility of any violation of any federal, state, or local statute or regulation; of any violation of any of Plaintiffs' rights; or of any duty owed by Agility to Plaintiffs. Agility expressly denies Plaintiffs' claims and disputes Plaintiffs' entitlement to recover any damages; and disagrees with Plaintiffs as to, for example and without limitation: the number of hours Plaintiffs actually worked; whether Plaintiffs were properly paid a salary for any hours worked; whether Plaintiffs were exempt under one or more exceptions to the FLSA's overtime requirements; whether Agility's alleged FLSA violations were made in good faith and on reasonable grounds; and whether Agility's alleged FLSA violations were willful.

The Parties have entered into their Settlement Agreement as a compromise to avoid the risks, distractions, and costs that will result from further litigation. For these reasons, the Parties jointly request the Court approve the Parties' Settlement Agreement and dismiss Plaintiffs' claims with prejudice.

## II. ARGUMENT & AUTHORITIES

### A. The Parties have agreed upon a formal settlement agreement

The Settlement Agreement attached to this motion has already been agreed upon and executed by the Parties. *See* Ex. A (filed under seal). Under the Settlement Agreement, one-half of each Plaintiff's individual settlement amount will be characterized as wages and the other half as liquidated damages and interest for tax withholding and reporting purposes. The settlement amounts have been allocated to each Plaintiff based upon their time worked. In addition to the settlement payment, Agility will pay the employer's portion of any payroll taxes due. Plaintiffs will release their wage and hour claims only if they negotiate the settlement check.

This is not an opt-in settlement. All Plaintiffs will receive a check in the mail.

### B. The settlement represents a reasonable compromise of this litigation

This Settlement provides Plaintiffs with a substantial recovery for their alleged unpaid overtime wages, which is commensurate with the disputed nature of Plaintiffs' claims. Agility disputes Plaintiffs' claims as to liability and amount. All Parties are represented by experienced counsel. Class Counsel has served as lead counsel in numerous large-scale wage and hour class/collective actions. *See, e.g., Roussell v. Brinker Int'l, Inc.*, 09-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs).

The Parties and their respective Counsel agree the Settlement Agreement is a fair and reasonable compromise of the claims alleged by Plaintiffs in light of the procedural posture of the case, the litigation risks, and the litigation costs to all Parties. The Parties have engaged in arm's-length and extended settlement negotiations, including a full-day in person mediation with experienced wage and hour mediator, Anne Marie Estevez. Because the Settlement is a fair and reasonable compromise and adequately compensates the participants for the unpaid overtime hours alleged by the Plaintiffs, the Parties seek entry of the submitted Order Approving Settlement. The Settlement Agreement is a fair and reasonable resolution of a bona fide dispute.

The Fifth Circuit has set out six factors for evaluating settlement proposals: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members. *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

First, the settlement is a product of the extended negotiations of the Parties, including a full-day mediation, and significant follow-up work. There was no fraud or collusion by any participant.

Further, as detailed further below regarding factors 2 through 5, this case was settled after more than a year of work by the Parties and their Counsel. Prior to settlement, the Parties worked together tirelessly to resolve various complex issues, such as discovery disputes, exemption defenses, and conditional certification. The Parties engaged in discovery, depositions, motion practice, and the production of roughly 35,000 pages of documents. And if the case were not

settled, there would be extensive additional, including dispositive motions, additional depositions, associated discovery disputes, and questions regarding applicability of the FLSA, good faith and willfulness, and decertification. Therefore, the Parties have engaged in significant work and recognize the risks involved with proceeding if this case were not settled. Plaintiffs in particular recognize that their settlement amounts represent a compromise of the range and certainty of their damages. *Id.*

Finally, the notion that this settlement is in the best interest of the Class Members is an opinion shared by Class Counsel and the class representative.

### C. Attorney fees and litigation expenses are reasonable

The Court may begin its analysis of a contingent attorney fee by looking at fees awarded in other courts, particularly in the Fifth Circuit. The Fifth Circuit recognizes that contingency fees are desirable because it is predictable, encourages settlement, and reduces incentives for protracted litigation. *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 643-44 (5th Cir. 2012) (adding, "[D]istrict courts in this Circuit regularly use the percentage method blended with a *Johnson* reasonableness check, and for some it is the 'preferred method.'").

Within the Fifth Circuit, customary contingency fees for class funds have ranged from 33.33% to 50%. *See In re Bayou Sorrell Class Action*, No. 6:04-cv-1101, 2006 WL 3230771 (W.D. La. Oct. 31, 2006) (Haik, C.J.) (awarding, in a percentage/*Johnson* analysis, attorney fees of 36%). In FLSA cases such as this,[1] the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%.[2] *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Indeed,

---

[1] Other types of actions may involve issues not present in this current FLSA action. For example, Rule 23 class actions have unique procedural rules not applicable to an FLSA case, and notably bind non-participating class members, while an FLSA action requires an affirmative decision by putative class members to opt-in. Likewise, this case does not invoke the unique concerns involved in a maritime injury, where the court must be mindful of its role in protecting a ward of admiralty.

[2] The Fifth Circuit notes this was the customary fee for cases "against the government," but Class Counsel does not believe this distinction to be material.

Courts within the Fifth Circuit regularly approve FLSA contingency fee arrangements of 40%, finding it to be fair and reasonable in light of the customary contingency fee arrangements in this community. *Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (Doherty, J.); *see also Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (James, J.) (approving attorney fees of 40%).

In evaluating a contingency fee award, the Court may look at the factors set forth in *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717-20 (5th Cir. 1974). The *Johnson* factors include the following, which are of importance in this case: (1) the time and labor required; (2) the novelty and difficulty of the questions posed; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; and (10) awards in similar cases.

Regarding the time and efforts required of Class Counsel (factors 1 and 7), this matter has been pending for over a year and the Parties have engaged in extensive motion practice, discovery, depositions, and document production/review, indicating a significant devotion of time expended to reach resolution of this case.

Second, the separately-negotiated, agreed contingency fee (factors 5, 6, and 10) in the Professional Services Agreement between Plaintiffs and Class Counsel provides for a contingency fee of 40% of the gross settlement amount, which is in line with Fifth Circuit precedent. *E.g.*, *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *see also Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017)

(Doherty, J.) (approving attorney fees of 40%); *Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (James, J.) (same).

Next, Class Counsel's skill, knowledge, reputation, and experience (factors 2, 3, and 9) are well-recognized in FLSA cases such as this. *See, e.g.*, *Roussell v. Brinker Int'l, Inc.*, 09-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs). FLSA collective action cases such as this are the main focus of Class Counsel's docket. Although Class Counsel is based in Texas, both BRUCKNER BURCH PLLC and JOSEPHSON DUNLAP LAW FIRM have a national docket of FLSA cases, with litigation across the United States, not only in Texas, but also in California, Colorado, Illinois, Louisiana, New Mexico, Ohio, Oklahoma, Pennsylvania, South Dakota, Utah, Virginia, Washington, Nebraska, Massachusetts, and elsewhere. In recent years, Class Counsel's joint docket has carried around or over 200 cases involving collective action claims for oilfield workers, such as this case.

Class Counsel's experience has caused them to review and become familiar with a large body of documents and information concerning FLSA litigation, which benefits cases such as this and maximizes the settlement value of the case. Class Counsel's experience in this field has also resulted in familiarity with the evidence and testimony necessary to the successful prosecution of FLSA collective action cases. Indeed, as one court expressly noted regarding Burton's Counsel, "the firms involved in this case on the Plaintiffs' side [including BRUCKNER BURCH] are **among the most experienced and best regarded in this specialized practice area**." *Kurgan v. Chiro One Wellness Ctrs., LLC*, No. 10-CV-1899, 2015 WL 1850599, at *4 (N.D. Ill. Apr. 21, 2015). In all, Class Counsel has secured millions of dollars in settlements in

FLSA cases for their clients. Further, Class Counsel's acceptance of this case (factor 4), and the considerable time that it has taken to work this case, has precluded time that they could have spent pursuing other matters.

Finally, "the most critical factor in determining a fee award is the degree of success obtained" (factor 8). *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). The degree of success here is high because Agility vigorously contested Plaintiffs' claims and denied that Plaintiffs were improperly classified, paid, underpaid, or that any alleged damages are owed, and Plaintiffs had to litigate this matter for over a year before the matter could be settled through mediation.

For these reasons, Plaintiffs believe a fee of 40% is reasonable and necessary in this case. Class Counsel also seeks reimbursement of their advanced litigation expenses.

### D. **Plaintiffs' attorney fees are part of the settlement agreement between the Parties**

As part of the Settlement, the Parties have agreed that Plaintiffs' Counsel is entitled to a total of 40% of the gross settlement amount. This is the agreement that the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) ("[T]he court cannot modify the bargained-for terms of the [class-action] settlement agreement."); *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891, 944 (E.D. La. 2012) ("[T]he Court is not authorized to insist upon changes that, in its judgment, might lead to a superior settlement."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014), *reh'g en banc denied sub nom. In re Deepwater Horizon—Appeals of the Economic and Property Damage Class Action Settlement*, 756 F.3d 320 (5th Cir. 2014), *cert. denied sub nom. BP*

*Exploration & Prod, Inc. v. Lake Eugenie Land & Dev., Inc.*, 135 S.Ct. 754 (2014); *Blanchard v. Forrest*, CIV. A. 93-3780, 1996 WL 28526, at *3 (E.D. La. Jan. 23, 1996) (overruling magistrate judge's modification to consent judgment because courts lack authority to modify a settlement agreement).

Because Plaintiffs have made the amount of and provisions regarding payment of their attorney fees an unseverable part of their agreement with Agility, Plaintiffs stress that a rejection of this (or another portion) of their settlement agreement will result in a failure of the Parties' agreement, a return of funds to Agility, and the resumption of litigation.

### III.  CONCLUSION

Plaintiffs and Class Counsel obtained a successful recovery on behalf of the entire class. The Settlement Agreement reached by Burton and Agility will provide considerable relief to all Plaintiffs. The Court should approve the Settlement Agreement reached by the Parties.

Respectfully submitted,

    */s/ Andrew W. Dunlap*
By: _____

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone:    (713) 352-1100
Telecopier:    (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

**JOINT MOTION TO APPROVE SETTLEMENT**                                                                              Page 8
4813-6156-2504.1/48421/0101/021519

                                    **BRUCKNER BURCH, P.L.L.C.**
                                    **RICHARD J. (Rex) BURCH**
State Bar No. 24001807
rburch@brucknerburch.com
8 Greenway Plaza
Suite 1500
Houston, Texas 77046
713.877.8788
713.877.8065 Fax

**ATTORNEYS FOR PLAINTIFF ALEX BURTON**

**AND**

By:   */s/ Kimberly S. Moore*
**KIMBERLY S. MOORE**
State Bar No. 00784629
kim.moore@clarkhillstrasburger.com
**MONICA A. VELAZQUEZ**
State Bar No. 24036132
monica.velazquez@clarkhillstrasburger.com
**TOLU O. BABADE**
State Bar No. 24091231
tolu.babade@clarkhillstrasburger.com

**CLARK HILL STRASBURGER**
2600 Dallas Parkway
Suite 600
Frisco, Texas 75034
469.287.3900
469.287.3999 Fax

**ATTORNEYS FOR DEFENDANT AGILITY ENERGY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 15th day of February, 2019, a true and correct copy of the foregoing was filed utilizing the Court's ECF system and all parties of record were notified.

                                      */s/ Kimberly S. Moore*
                                      **KIMBERLY S. MOORE**